LEE. H. ROSENTHAL, District Judge,
concurring.
I agree with much of the analysis set out in the district court and majority opinions and with the result reached. That result, arbitration before the AAA, achieves what the district court correctly identified as the parties’ overriding intent to arbitrate. I concur to point out that Section 5 of the Federal Arbitration Act (FAA), 9 U.S.C. § 5, also permits the district court to compel arbitration before the AAA.
When the NAF became unavailable to serve as the default arbitrator, there were three ways under the Arbitration Clause for the AAA to take its place as administrator. As the district court and majority opinion recognize, none applies here: the parties did not agree to arbitrate before the AAA; the borrowers did not initiate arbitration before the AAA; and the borrowers did not sue and select the AAA in response to Sallie Mae’s election to arbitrate. The conditions under which the AAA could be selected under the parties’ Arbitration Agreement were not met.
In response to the NAF’s unavailability and the failure of the conditions for selecting the AAA under the Arbitration Clause, Sallie Mae asked the district court to compel arbitration before the AAA. The district court did so, using the Severability Clause. The borrowers argue that this approach impermissibly uses the Sever-ability Clause to rewrite the contract language stating that arbitration before the AAA cannot occur without the borrowers’ consent. Section 5 of the FAA provides an alternative mechanism to reach the same result, while avoiding the issue the borrowers raise on appeal.
The combination of the NAF’s unavailability as the default administrator and the borrowers’ unwillingness to agree to arbitrate before the AAA presented the district court with a lapse in the parties’ selection of an arbitrator under the Arbitration Clause. Section 5 is the FAA’s mechanism for filling such a lapse in the arbitrator when, as the district court correctly found, the parties’ specified choice *717 of arbitrator is not integral to their Arbitration Agreement.
Sallie Mae moved to require arbitration before the AAA. The analytical path for making and granting such a motion under Section 5 is somewhat different than using the Severability Clause, but the result is the same: the parties arbitrate before the AAA. This result achieves the parties’ expressed intent, avoids the issues the borrowers assert on appeal about rewriting contract language, and prevents the unavailability of the NAF and the borrowers’ unwillingness to select the AAA from defeating arbitration altogether.